**Ignacio M. SALAS, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**[1]

No. 6:94–CV–363 MV/LCS.

United States District Court, D. New Mexico.

March 1, 1996.

---

1. Effective March 31, 1995, the functions of the Secretary of Health and Human Services were transferred to the Commissioner of Social Security. P.L. No. 103–296. Pursuant to FED. R.CIV.P. 25(d), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

Gary J. Martone, Francesca J. MacDowell, Albuquerque, NM, for Plaintiff.

Ronald Ross, for Defendant.

### AMENDED ORDER

VAZQUEZ, District Judge.

**THIS MATTER** having come before the Court on the Proposed Findings and Recommended Disposition of the United States Magistrate Judge, and no objections to the Proposed Findings and Recommended Disposition having been filed, and the Court having made a *de novo* review of the Proposed Findings and Recommended Disposition;

**IT IS HEREBY ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition are adopted by the Court;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is **GRANTED,** the Secretary's decision is reversed and this action is remanded for an immediate award of SSI benefits.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

SMITH, United States Magistrate Judge.

Dec. 20, 1995.

### NOTICE

Within ten days after a party is served with a copy of these Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition. A party must file any objections within the ten-day period allowed if that party desires appellate review. In the absence of timely-filed objections, no appellate review will be allowed.

### PROPOSED FINDINGS

Plaintiff invokes this Court's jurisdiction under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health and Human Services (Secretary). The Secretary determined that Plaintiff is not eligible for supplemental security income (SSI) benefits. Plaintiff moves this Court for an order reversing the Secretary's decision or, in the alternative, remanding the case for a rehearing. This Court reviews the Secretary's decision to determine whether the Secretary's findings are supported by substantial evidence and whether the Secretary applied correct legal standards in making her findings. *Washington v. Shalala,* 37 F.3d 1437, 1439 (10th Cir.1994).

## A. *Statement of the Facts*

Plaintiff alleges disability to his protected filing date of March 6, 1992, due to a gunshot wound to his back and numbness in his left leg. (Tr. at 74, 120). On February 24, 1993, the ALJ issued a decision unfavorable to Plaintiff. (Tr. at 200). After a request for review, the Appeals Council remanded the case to the ALJ for further consideration of Plaintiff's mental impairments and to acquire vocational evidence. (Tr. at 164–66). After the second hearing, the ALJ again ruled that Plaintiff is ineligible for benefits. (Tr. at 200–09). At the time of the second hearing, Plaintiff was forty-seven years old. (Tr. at 201). He completed school up until the eighth grade, but is illiterate. (Tr. at 208). His past relevant work was as a construction laborer and chain saw operator. *Id.* Plaintiff has not engaged in substantial gainful activity since March 6, 1992. *Id.*

## B. *The Standard of Review*

The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Secretary's decision is supported by substantial evidence. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1497–98 (10th Cir.1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Teter v. Heckler*, 775 F.2d 1104, 1105 (10th Cir.1985). It is well-settled that if there is substantial evidence to support the Secretary's decision and the Secretary applied correct legal standards, then that decision must be upheld. *Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir.1993). This Court will not reweigh the evidence generally, *Hamilton*, 961 F.2d at 1498, nor second-guess the ALJ's credibility determinations, *Williams v. Bowen*, 844 F.2d 748, 755 (10th Cir.1988). "However, the district court should not blindly affirm the secretary's decision but must instead scrutinize the entire record to determine if the plaintiff's claim has been fairly evaluated and

the law has been correctly applied." *Hogan v. Schweiker*, 532 F.Supp. 639, 642 (D.Colo. 1982).

## C. *The Motion to Remand*

Plaintiff makes four arguments in support of his motion to reverse or remand for a rehearing. First, Plaintiff alleges that the ALJ's finding that Plaintiff's mental impairment does not significantly restrict his ability to work is not supported by substantial evidence. (Mem.Supp.Mot. Reverse or Reh'g at 4). Specifically, Plaintiff argues that the weight of the evidence indicates a showing of a mental impairment due to alcohol abuse and organic brain damage, and also that the ALJ mischaracterized the psychiatrists' reports. *Id.* at 5–7.

Second, Plaintiff asserts that the ALJ misportrayed the vocational expert's (VE) testimony and applied incorrect legal standards at step five of the sequential disability evaluation. *Id.* at 9–11. Third, Plaintiff contends that the ALJ's hypothetical to the VE included erroneous information. *Id.* at 4. Finally, Plaintiff avers that the ALJ failed to give consideration to Plaintiff's inability to deal with work-related stress. *Id.* Because I find Plaintiff's first two arguments dispositive, I will address them only.

### 1. *Plaintiff's Mental Impairment*

■ In his motion for a rehearing, Plaintiff alleges that the ALJ's finding that Plaintiff's mental impairments do not restrict his ability to work is not supported by substantial evidence. *Id.* at 4–7. I agree with Plaintiff for two reasons. First, the ALJ's assessment of Plaintiff's mental impairments is not supported by the reports of the two psychiatrists. Second, the assessment forms completed by the psychiatrists indicate Plaintiff has a marked mental impairment that may substantially impair his ability to work.

According to Dr. Charles Bradshaw, the results of the Bender–Gestalt test administered on Plaintiff indicated organic brain damage. (Tr. at 149). Dr. Bradshaw also noted that Plaintiff was unlikely to deal well with job-related stress. (Tr. at 148). Further, Dr. Bradshaw concluded that Plaintiff "works at a overall slower than normal speed

and would have trouble competing with other workers in a normal job setting." *Id.* Finally, Dr. Bradshaw noted Plaintiff's alcoholism. (Tr. at 150).

Dr. Bradshaw also completed a medical assessment form on Plaintiff's mental ability to do work-related activities. (Tr. at 151–52). On this form, Dr. Bradshaw rated Plaintiff as only capable of "fair" performance on ability to (1) follow work rules; (2) understand, remember and carry out detailed, but not complex, job instructions; (3) understand, remember and carry out simple job instructions; (4) maintain personal appearance; (5) behave in an emotionally stable manner; (6) related predictably in social situations; and (7) demonstrate reliability. *Id.* Plaintiff was rated as "poor or none" in ability to understand, remember and carry out complex job instructions. (Tr. at 152).

A second psychiatrist, Dr. Robert Zussman, conducted a psychiatric evaluation of Plaintiff on October 18, 1993. (Tr. at 179). In his report, Dr. Zussman noted that Plaintiff was functioning at a borderline level of intellectual functioning and had a severe alcohol problem. (Tr. at 184).

In a medical assessment form, Dr. Zussman rated Plaintiff as "fair" in ability to (1) follow work rules; (2) deal with the public; (3) use judgment; (4) interact with supervisors; (5) deal with work stresses; (6) function independently; (7) maintain attention/concentration; (8) understand, remember and carry out detailed, but not complex, job instructions; (9) maintain personal appearance; and (10) behave in an emotionally stable manner. Dr. Zussman rated Plaintiff as "poor or none" in ability to (1) understand, remember and carry out complex job instructions; (2) relate predictably in social situations; and (3) demonstrate reliability.

■ In the Tenth Circuit, a medical assessment of "fair" is essentially the same as the listing requirement of "marked." *Cruse v. U.S. Department of Health & Human Services,* 49 F.3d 614, 618 (10th Cir.1995). "A 'marked' impairment represents a degree of disability that satisfies two of the four listing requirements." *Id.* In the instant case, the ALJ misinterpreted or ignored the ratings on the medical assessment forms: there is no discussion in her opinion regarding the medical assessment forms. "[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion." *Taylor v. Schweiker,* 739 F.2d 1240, 1243 (7th Cir.1984) (quoting *Whitney v. Schweiker,* 695 F.2d 784, 788 (7th Cir.1982)). Applying *Cruse,* I conclude that the reports of both psychiatrists found claimant to be disabled in a majority of the areas used to evaluate his ability to engage in work activities.

■ Even assuming that Plaintiff's mental impairment does not meet a listing, the evidence supports the existence of a severe nonexertional impairment which must be considered as affecting Plaintiff's residual functional capacity (RFC) to perform work. *See Hargis v. Sullivan,* 945 F.2d 1482, 1491 (10th Cir.1991) ("The Secretary's regulations indicate that '[t]he determination of mental RFC is crucial to the evaluation of an individual's capacity to engage in substantial gainful work activity when the criteria of the listings for mental disorder are not met or equaled but the impairment is nevertheless severe.'") (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A)). The psychiatrists' reports suggest that Plaintiff is suffering from, *inter alia,* organic brain damage, alcoholism and low intellectual functioning. (Tr. at 149–50, 184).

For these reasons, I conclude that the ALJ's finding that Plaintiff's mental impairments do not affect Plaintiff's ability to work is not supported by substantial evidence.

### 2. *Vocational Expert's Testimony on Substantial Number of Jobs*

■ A second argument made by Plaintiff is that the ALJ erred by ruling that there are a significant number of jobs in the economy that Plaintiff could perform. (Mem.Supp. Mot. Reverse or Reh'g at 9–11). At the hearing before the ALJ, a vocational expert (VE) testified that given the evidence, Plaintiff was capable of performing work as a flagger or vehicle escort driver. (Tr. at 66–67). Regarding the job of flagger, the VE stated that there are no statistics on the number of flagger positions because it is

primarily seasonal work. (Tr. at 66). When questioned about the job of escort driver, the VE testified that given Plaintiff's problems with reliability, 75% of the escort driver positions would be eliminated. (Tr. at 70). Therefore, the issue raised is what constitutes a "significant number" for purposes of the Social Security Act.

The Tenth Circuit has refused to accept a bright line number to establish a significant number of jobs. However, in *Trimiar v. Sullivan,* 966 F.2d 1326 (10th Cir.1992), the court did state that "several factors go into the proper evaluation of significant numbers." *Id.* at 1330. These factors include:

> the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on.

*Id.* "The decision should ultimately be left to the [ALJ's] common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.* (quoting *Jenkins v. Bowen,* 861 F.2d 1083, 1087 (8th Cir.1988)).

In her decision, the ALJ made a finding that although 75% of the available work would be eliminated due to Plaintiff's unreliability, "the remaining 25% of work would include jobs in real numbers." (Tr. at 207). This finding indicates a disregard of the factors set forth in the *Trimiar* decision. First, as discussed earlier, the ALJ failed to consider the extent of Plaintiff's mental impairments. Second, the ALJ failed to weigh that Plaintiff is a homeless person without a vehicle. Thus, Plaintiff would have great difficulty in travelling to his assigned work, whether in-state or out-of-state. Third, the ALJ's decision failed to note that there are no statistics available for the job of flagger, which is seasonal in nature. This casts doubt on the availability of such work.

Finally, it should be pointed out that at the hearing the VE testified that there are approximately 530 vehicle escort positions in New Mexico. (Tr. at 67). Elimination of 75% of these jobs leaves 132.5 vehicle escort jobs in the state. Given that Plaintiff faces real obstacles in getting to and from work, I believe that the ALJ failed to make a common sense evaluation regarding availability of jobs for Plaintiff, whether these positions were available in-state or out-of-state. *See Trimiar,* 966 F.2d at 1330. Certainly, the ALJ's finding that "the remaining 25% of work would include jobs in real numbers," (Tr. at 207) is not supported by substantial evidence.

Besides not meeting the substantial evidence standard, the ALJ failed to apply the correct legal standard set forth in *Trimiar* for determining availability of jobs at step five of the evaluation process. Failure to apply the correct legal test constitutes grounds for reversal. *Baca v. Department of Health and Human Services,* 5 F.3d 476, 478 (10th Cir.1993); *Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir.1991).

Reversal is also appropriate where additional fact finding would serve no useful purpose. *Sorenson v. Bowen,* 888 F.2d 706, 713 (10th Cir.1989). Given that Plaintiff has been before an ALJ in two separate hearings and the record appears fully developed (as to the issue of availability of jobs in significant numbers in the economy for someone with Plaintiff's exertional and nonexertional impairments), I support a determination that Plaintiff is disabled as a matter of law and is entitled to the benefits applied for.

### MAGISTRATE'S RECOMMENDED DISPOSITION

For these reasons, I recommend the decision of the Secretary be reversed and remanded for an immediate award of SSI benefits.