F I L E D
United States Court of Appeals
Tenth Circuit

FEB 7 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROSS L. FRADY,

Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,

Defendant-Appellee.

No. 96-8043
(D.C. No. 95-CV-1037)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ross L. Frady appeals from the district court's order affirming the decision of the Commissioner of Social Security denying him social security disability benefits. Claimant alleges disability due to back, chest, and testicular pain. The administrative law judge (ALJ) found claimant's complaints of disabling pain not fully credible and determined that he was not disabled at step five of the five-step sequential evaluation process. See Williams v. Bowen, 844 F.2d 748,750-52 (10th Cir. 1988). We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

On appeal, claimant argues that the ALJ (1) erred in his credibility determination in failing to give "sufficient weight" to claimant's testimony regarding his pain and functional limitations, (2) erred in not giving "sufficient weight and consideration" to the finding by the Veteran's Administration (VA) that claimant is disabled, and (3) erred in "ignoring" certain testimony of the vocational expert (VE). Appellant's Br. at 2.

Our job on appeal is to "closely examine the record as a whole to determine whether the [Commissioner's] decision is supported by substantial evidence and adheres to applicable legal standards." See Evans v. Chater, 55 F.3d 530, 531 (10th Cir. 1995). We do not reweigh the evidence. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

-2-

Claimant seems to argue that, under Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987), once the ALJ found a back impairment that could reasonably be expected to produce some pain, he was required to accept as true claimant's allegations of disabling pain. That is not the law. Where there is a medically determinable impairment that can reasonably be expected to produce some pain, the ALJ is required to consider all relevant evidence in evaluating a claimant's subjective complaints. See id. at 164-65; Baca v. Dep't of Health & Human Servs., 5 F.3d 476, 480 (10th Cir. 1993). That is precisely what the ALJ did in this case, even in the absence of any medically determinable impairment that could reasonably be expected to produce chest or testicular pain, and he found claimant's credibility wanting. "'Credibility determinations are peculiarly the province of the finder of fact,'" Winfrey v. Chater, 92 F.3d 1017, 1020 (10th Cir. 1996) (quoting Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)), and we see no reason on this record to disturb the ALJ's determination.[1]

Claimant also challenges the ALJ's treatment of the VA's disability finding, taking the position that it was ignored. See Appellant's Br. at 8. We do

---

[1] Claimant states in his brief that the ALJ "does not give a basis for his conclusion that Claimant's assertions are not credible or consistent with the record." Appellant's Br. at 6. We disagree. See Admin. R. at 31-32 (where ALJ discusses medical evidence and evidence of daily activities that he finds inconsistent with the existence of disabling pain).

not consider that a fair characterization of the record. The ALJ inquired about the VA's disability determination at the hearing, see Admin. R. at 200, and discussed at some length in his opinion the medical findings that served as a basis for that determination, see id. at 30, 31-32. The fact that the ALJ drew a different conclusion from those findings does not constitute legal error. See Baca, 5 F.3d at 480 (VA determination entitled to weight and consideration, but is not binding on the Commissioner).

Finally, claimant's contention that the ALJ erroneously disregarded certain testimony of the VE is also without merit. The ALJ's hypothetical questions to the VE need only reflect impairments and limitations that are borne out by the evidentiary record. See Evans, 55 F.3d at 532. Given the ALJ's credibility determination, which we have already affirmed, no error was committed when the ALJ disregarded expert testimony that accepted as true limitations which the ALJ ultimately and properly rejected.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

-4-