**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TIMOTHY T. KRALICEK,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-1300
(D.C. No. 98-M-278)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Timothy T. Kralicek appeals from an order of the district court affirming the Commissioner's determination that he is not entitled to disability insurance benefits. After reviewing the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards, see Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000), we affirm.

Even though Mr. Kralicek filed his application on May 11, 1994, he was last insured on December 31, 1988. To be eligible for disability insurance benefits, a claimant must show disability before expiration of insured status. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993). Therefore, the major issue in this case is whether Mr. Kralicek was disabled due to his angina pectoris, coronary artery disease, and chronic obstructive pulmonary disease (with related respiratory problems) by the end of 1988.[1] The administrative law judge (ALJ) determined at step five of the five-step sequential process that he was not, in that he could have performed a limited range of sedentary jobs. See Williams v. Bowen, 844 F.2d 748, 750-52

---

[1] Mr. Kralicek has been awarded supplemental security income benefits, for which he "had only to show that he was currently disabled." Washington v. Shalala, 37 F.3d 1437, 1440 n.2 (10th Cir. 1994).

(10th Cir. 1988). On appeal, Mr. Kralicek contends that the ALJ erred in (1) eliciting and considering the testimony of a vocational expert (VE); (2) rejecting opinions from treating physicians; and (3) failing to make an adequate assessment of his complaints of disabling fatigue. Each issue is discussed below.

**Vocational expert's testimony**

The ALJ determined that, on the relevant date, Mr. Kralicek had no difficulty sitting, pushing, pulling or using his hands and could stand for two or three hours at a time. Due to his heart problems and breathing difficulties, he could lift no more than five pounds on a regular basis, bend over only occasionally, climb only four to five stairs at a time, walk only one to two blocks, and stoop slowly. Because Mr. Kralicek's former occupations had heavy physical demand levels, the ALJ sought testimony from a VE on other jobs which a person with Mr. Kralicek's residual functional capacity could perform.

In response to hypothetical questions, the VE testified that an individual with the described residual functional capacity could perform the sedentary jobs of electronics assembler and production assembler, of which there were 150,047 positions in the national economy. For a person who was also unable to tolerate pollen, extreme heat, excessive humidity, paint fumes, vehicle fumes, and solvent fumes, twenty-five percent of the jobs, or 37,512 would remain. Also, there were

5,618 surveillance systems monitor jobs available nationally. No positions would be available if the person were unable to complete an eight-hour day.

Mr. Kralicek now argues that the ALJ failed to include all of his limitations and impairments in the hypothetical questions and, in any event, the VE's testimony failed to establish that a significant number of jobs remained in the national economy. The additional limitations and impairments involved the avoidance of stress, concentrated exposure to extreme heat or cold, and moderate exposure to fumes (including exhausts from diesel engines encountered on the way to work).

We first point out that, although hypotheticals presented to the VE must precisely reflect a claimant's impairments, "they need only reflect impairments and limitations that are borne out by the evidentiary record." Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Here, the ALJ's hypothetical accurately reflected his assessment of Mr. Kralicek's residual functional capacity and this assessment is supported by substantial evidence in the record. Concerning stress, the evidence did not establish that Mr. Kralicek needed to be protected from all stress. Mr. Kralicek's testimony on the subject related to stress arising from family and financial matters, Appellant's App. at 467-68, as well as "being a supervisor," with the next-level supervisor "on you," id. at 468. The testifying medical expert advised avoiding unduly stressful situations; there is nothing in the

-4-

record suggesting that the proposed jobs involved an unusual amount of stress. As to exposure to extreme temperatures, there is no indication that the suggested positions are performed under very hot or cold conditions.

Mr. Kralicek also argues that the ALJ failed to consider his breathing difficulties. A review of the record does not bear out this contention. The ALJ did recognize that Mr. Kralicek had breathing problems brought on by fumes and exertion and took them into account in hypothetical questions. The VE's testimony in response to the hypothetical provides a basis for concluding that significant number of jobs existed in the national economy which Mr. Kralicek could have performed in 1988, even taking into account his breathing difficulties. [2] We have "never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number,'" leaving that decision to the ALJ's "common sense in weighing the statutory language as applied to a particular claimant's factual situation." Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir.1992) (quotation omitted). We will not disturb the ALJ's determination on this issue.

---

[2] Mr. Kralicek takes issue with the ALJ's hearing statement that the effect of exhaust fumes on Mr. Kralicek's ability to get to work is not material to the VE's testimony. The Commissioner has conceded that this statement is erroneous. Under the circumstances of this case, any error arising from the ALJ's statement is of little significance, in that the record contains no evidence that Mr. Kralicek was unable to travel to a workplace.

## Treating physicians' opinions

Mr. Kralicek also argues that the ALJ disregarded the opinion and diagnosis of Dr. Al Walters, a Nevada internist, who treated him in 1985. That year, Dr. Walters opined that Mr. Kralicek was "100% disabled and incapable of ever returning to his former occupation," and also "unable to work on an oil well." Appellant's App. at 318, 421. When asked in 1998 to explain whether his earlier statement meant Mr. Kralicek was disabled from all work or only his prior occupation requiring heavy labor, he "offer[ed] the following reply:

> Unfortunat[ely] Mr. Kralicek did not follow-up afterwards regarding his heart condition so I am unable to draw any further conclusions which relate to his total disability. I saw him once for gastroenteritis, but he didn't follow-up for any further evaluation.
>
> I understand the importance of this determination and truly wish I could be of more help. Even small blockages of arteries of the heart can be totally disabling.

Id. at 418.

A treating physician may offer an opinion about a claimant's condition and about the nature and severity of any impairments. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994). However, to be given controlling weight, the opinion must be "well supported by clinical and laboratory diagnostic techniques and [cannot be] inconsistent with other substantial evidence in the record." Id. Furthermore, a treating physician's opinion that his patient is disabled is not dispositive, as final responsibility for

-6-

determining disability rests with the Commissioner. See id. Here, the comments in question are not specific enough to be given controlling weight. Dr. Walters' generalized statement that blocked arteries can be totally disabling does not amount to an opinion that Mr. Kralicek was disabled under the terms of the Act. Contrary to Mr. Kralicek's assertion, Dr. Walter's opinion was given appropriate weight. [3]

Mr. Kralicek's second argument under this heading is that the ALJ did not give appropriate consideration to a 60% disability rating from the Veteran's Administration (VA), based upon the opinions of VA physicians. See Baca v. Department of Health & Human Servs., 5 F.3d 476, 480 (10th Cir.1993) (findings by other agencies are entitled to weight and must be considered, but are not binding on the Commissioner). We believe this is an inaccurate characterization of the record. The ALJ referenced the VA's disability determination at the hearing; documentation of the determination was in the record; and, in his decision, the ALJ stated that the conclusion of nondisability was made after a consideration of the entire record. The fact that the ALJ drew a different conclusion concerning Mr. Kralicek's condition does not constitute legal error.

---

[3] Mr. Kralicek also argues that the ALJ refused to consider Dr. Walters' diagnosis of asthma and chronic bronchitis. As discussed above, the ALJ discussed the medical evidence concerning Mr. Kralicek's pulmonary problems and explicitly recognized his breathing difficulties. This is all the ALJ was required to do.

See id.; 20 C.F.R. § 404.1504 (another agency's determination is based on different rules, and is not binding on the Social Security Administration). Although it would have been preferable for the ALJ to be more explicit in his discussion of the VA disability rating, the lack of detail is not reversible error under the circumstances presented by this case. See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir.1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence."); Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498-99 (10th Cir. 1992) ("The ALJ stated that he considered all of the evidence; his reliance on medical findings does not allow us to assume otherwise."). [4]

**Fatigue**

Finally, Mr. Kralicek asserts that the ALJ erred in failing to make an adequate assessment of his complaints of disabling fatigue. In his decision, however, the ALJ did take note of fatigue and endurance problems as they existed during the relevant period, then referenced the opinion of the medical expert that Mr. Kralicek could have performed sedentary work. The ALJ adequately linked his findings to specific evidence in the record. We will not reweigh the evidence

---

[4] Additionally, we note that it was not until 1990 that the VA gave Mr. Kralicek a 100% disability rating.

or substitute our judgment for that of the Commissioner.   See Qualls , 206 F.3d at 1371.

The judgment of the district court is AFFIRMED.  Plaintiff's motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge