**Raymond BACA, Plaintiff–Appellant,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 92–2233.

United States Court of Appeals, Tenth Circuit.

Sept. 28, 1993.

Gary J. Martone, Albuquerque, NM, for plaintiff-appellant.

Don J. Svet, U.S. Atty., Ronald F. Ross, Asst. U.S. Atty., Gayla Fuller, Chief Counsel, Region VI, Rodney A. Johnson, Asst. Regional Counsel, Office of Gen. Counsel, U.S. Dept. of H.H.S., Dallas, TX, for defendant-appellee.

Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,* District Judge.

PAUL KELLY, Jr., Circuit Judge.

Plaintiff-appellant Raymond Baca appeals the district court's affirmance of the Secretary's decision denying his application for social security disability benefits. Because we find the decision to be unsupported by substantial evidence, and because several le-

---

* Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

gal errors occurred, we reverse and remand for further proceedings.[1]

Mr. Baca, an unemployed shoe repairman, has applied for disability benefits three times. His first application, filed in 1979, was denied initially on the ground that he did not meet the special earnings requirement. On appeal, the Office of Hearings and Appeals determined that Mr. Baca did meet the earnings requirement and remanded the case for a disability determination. For some reason, this disability determination was never made.

Mr. Baca's second application for benefits, filed in 1981, was denied because it concerned the same issues already decided in his earlier claim. Mr. Baca did not appeal the denial.

On May 15, 1987, Mr. Baca again applied for disability benefits, alleging that he had been disabled since February 15, 1973, with arthritis and heart disease. In the application, Mr. Baca supplied the names of both his general treating physician and his heart specialist, reported that he had been treated and hospitalized at the Veterans Administration (VA) facility in Albuquerque, and authorized the Social Security Administration (SSA) to obtain information from these sources.

At the hearing, Mr. Baca testified that he had been treated at the VA since the early 1970's and that he received a service connected disability rating of one hundred percent in 1978. He went on to testify about his prior work experience and his history of arthritis and heart disease. As part of this testimony, Mr. Baca described a history of anxiety and nervousness for which he took medication. Mr. Baca's attorney requested that the administrative law judge (ALJ) locate Mr. Baca's previous applications so that he could consider the medical evidence already submitted. The attorney also indicated that he would order all VA medical records.

After the hearing, Mr. Baca's VA medical records were submitted. Despite the fact that Mr. Baca had received frequent medical treatment at that facility since the early 1970's, the VA only provided records dating from 1978. In addition, the SSA was unable to locate Mr. Baca's previous disability applications.

The ALJ denied the application, finding that Mr. Baca failed to submit probative evidence of his medical condition prior to the expiration of his insured status on December 31, 1976. Noting that the VA records began more than a year after expiration of his insured status and that a claimant's testimony alone could not establish a disability, the ALJ found Mr. Baca's evidence to be inadequate. The Appeals Council declined to review the decision, thus making it final.

On appeal to the United States District Court for the District of New Mexico, Mr. Baca argued that the Secretary applied incorrect legal standards in denying his claim. The district court concluded that Mr. Baca failed to present evidence of his medical condition during the relevant time period; that the evidence did not warrant a consultative examination or the assistance of a medical advisor; that the VA's disability determination was not relevant; and that there was no error in disregarding Mr. Baca's testimony. The court remanded the case to search for Mr. Baca's prior claim files, directing that if the files were located, the Secretary should hold a rehearing, but if they were not, the decision would be affirmed. The files could not be located, and on September 3, 1992, the district court affirmed the Secretary's decision. This appeal followed.

Our review of the Secretary's decision is limited to "whether [her] findings are supported by substantial evidence in the record and whether [she] applied the correct legal standards." *Emory v. Sullivan,* 936 F.2d 1092, 1093 (10th Cir.1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Failure to apply the correct legal test constitutes a ground for reversal. *Casias v. Secretary of Health &*

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

*Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

## Substantial Evidence

■ Mr. Baca argues that based on the evidence, the ALJ erred in failing to utilize the five-step sequential analysis to determine his claim. He also argues that the ALJ's failure to develop the record, to consider his testimony, or to consider the VA disability determination, was legal error. We first examine whether the decision is supported by substantial evidence.

The ALJ found that Mr. Baca presented no probative medical evidence for the period between February 15, 1973, and December 31, 1976. A review of the record, however, reveals references to medical findings dating from that period. For example, on March 17, 1980, VA physician Dr. Robert White created a detailed summary of Mr. Baca's "complex chart . . . with multiple clinic visits." Supplemental App. at 226–229. This summary describes a history of degenerative joint disease in Mr. Baca's feet, knees, and back. Dr. White's clinical record expressly states that "in 1975 low back x-rays revealed degenerative joint disease." *Id.* at 227. The medical record also documents Mr. Baca's chronic otitis media, caused by a traumatic rupture of his left eardrum in 1954. Finally, Dr. White notes a history of anxiety and psychosomatic preoccupation dating back to 1974. The record refers to a series of psychiatric visits in 1974 for anxiety, and notes that the following behaviors are described throughout Mr. Baca's previous charts: "anxiety, sleeplessness, fearfulness, marital discord, manipulative behavior, anger, and especially preoccupation with various chronic problems." *Id.* at 226.

Other evidence includes a reference to a hospital admission in 1974 for psychoneurosis, *id.* at 249, and a history of chronic joint pain since 1953, *id.* at 256, 267, and 272. The medical records, therefore, provide direct medical evidence that Mr. Baca suffered from physical and mental impairments prior to the expiration of his insured status.

The VA records also provide indirect evidence that Mr. Baca's impairments existed prior to December 31, 1976.

[E]vidence bearing upon an applicant's condition subsequent to the date upon which the earning requirement was last met is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date or may identify additional impairments which could reasonably be presumed to have been present and to have imposed limitations as of the earning requirement date.

*Gold v. Secretary of Health, Educ. & Welfare*, 463 F.2d 38, 42 (2d Cir.1972) (quoting *Carnevale v. Gardner*, 393 F.2d 889, 890 (2d Cir.1968)). *See also Halvorsen v. Heckler*, 743 F.2d 1221, 1225–26 (7th Cir.1984); *Stark v. Weinberger*, 497 F.2d 1092, 1097 (7th Cir. 1974); *Tucker v. Sullivan*, 779 F.Supp. 1290, 1297–98 (D.Kan.1991).

Within fourteen months of the expiration of Mr. Baca's insured status, there are medical records demonstrating numerous visits for joint pain, repeated notations of behavior evidencing mental impairment, several diagnoses of mental impairment, and evidence of medications to treat Mr. Baca's degenerative joint disease and his mental impairments. *See generally* Supp.App. at 76–280. In addition, there is evidence that x-rays taken in 1977 showed degenerative joint disease of the lumbar spine/coccyx and right elbow, and that osteophytes were discovered on Mr. Baca's spine and elbow in 1978 x-rays. *Id.* at 227, 279. Based on this direct and indirect evidence, the ALJ's conclusion that Mr. Baca failed to submit "any" probative medical evidence documenting his condition before December 31, 1976, is unsupported by substantial evidence. The case, therefore, must be remanded for a disability determination employing the five-step analysis established by the social security regulations.

## Duty to Develop Record

■ Mr. Baca argues, and we agree, that the ALJ failed in his duty to develop the record. Although a claimant has the burden of providing medical evidence proving disability, 20 C.F.R. §§ 404.1512(a)–(c), .1513, .1516, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to

material issues. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 404.944; *Jordan v. Heckler,* 835 F.2d 1314, 1315 (10th Cir.1987); *Dixon v. Heckler,* 811 F.2d 506, 510 (10th Cir.1987). This duty exists even when the claimant is represented by counsel. *Baker v. Bowen,* 886 F.2d 289, 292 n. 1 (10th Cir.1989). The ALJ's duty would seem especially compelling when it is the SSA which, in part, is responsible for the lack of medical evidence regarding the relevant time period. *See, e.g., Fowler v. Califano,* 596 F.2d 600, 604 (3d Cir. 1979) (holding that when social security records regarding prior claim were lost, it would be "unconscionable for the administration to take a position that in effect permits it to profit by its own errors").

### Mr. Baca's Testimony and Effect of the VA Rating

■ We address Mr. Baca's remaining allegations of error briefly. Mr. Baca argues that the ALJ erred in disregarding his testimony concerning his impairments and their effect on his ability to work. We have held that once a claimant proves by objective medical evidence the existence of a pain-producing impairment and a loose nexus between the impairment and the alleged pain, the ALJ must evaluate the claimant's subjective complaints of pain. *Luna v. Bowen,* 834 F.2d 161, 163–64 (10th Cir.1987). Because the record contained direct medical evidence that Mr. Baca suffered from degenerative joint disease during the relevant period, the ALJ should have considered Mr. Baca's testimony of disabling pain.

■ Finally, the ALJ should have considered the VA disability rating in making his decision. "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." *Fowler,* 596 F.2d at 603. Mr. Baca has been evaluated for disability by the VA continuously from 1955 to the present. It appears that, based on his ear and joint disease alone, Mr. Baca was determined to be fifty percent disabled prior to expiration of his insured status. When considered in conjunction with his potential mental impairment, the rating may provide evidence that

Mr. Baca is disabled within the meaning of the Social Security Act.

For the foregoing reasons, the case must be remanded for a determination of whether Mr. Baca was disabled during the relevant time period. On remand, the Secretary must make every reasonable effort to obtain the records from the VA and from Mr. Baca's treating physician. The Secretary might also consider ordering a consultative examination of Mr. Baca to assess his mental condition.

The judgment of the United States District Court for the District of New Mexico is REVERSED, and the case is REMANDED to the district court for remand to the Secretary for further proceedings consistent with this opinion.