25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Homer B. HIGNITE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-7103.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from an order of the district court which affirmed the final decision of the Secretary of Health and Human Services denying his claim for social security disability benefits. We exercise jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291, and reverse and remand for further proceedings.
 
 
 4
 Plaintiff filed a claim for benefits based on respiratory problems and anxiety, initially alleging an onset date of June 2, 1988. After he was told that his insured status expired on September 30, 1985, plaintiff amended his claim to allege an onset date of September 1, 1980, and amended as much of the supporting evidence as he could. Thus, the record contains conflicting evidence. Part of this conflict concerns plaintiff's past relevant work: originally, plaintiff claimed he was in residential construction from 1965 until 1980, and then farmed strawberries from 1980 to 1988, e.g., R. Vol. II at 125-26, 152, 156; later he claimed his wife farmed strawberries and that he provided only minimal help with this work and only until 1980, when he became disabled, e.g., id. at 219.
 
 
 5
 We review the Secretary's decision to determine if the correct legal standards were applied and the findings are supported by substantial evidence. Baca v. Department of Health & Human Servs., 5 F.3d 476, 478 (10th Cir.1993). In this case, we conclude that the Secretary's decision is not capable of meaningful review because it is internally inconsistent and self-contradicting.
 
 
 6
 The administrative law judge (ALJ) denied benefits at step four of the five-part sequential evaluation process. See 20C.F.R. 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(discussing five-step process). The ALJ determined that plaintiff's past work was farming, that plaintiff retained the residual functional capacity (RFC) to perform this work during the insured period, and, as a result, that plaintiff was not disabled at that time.
 
 
 7
 Plaintiff argues that farming is not his past relevant work--that his wife ran their farming operation. There is considerable evidence in the record to support this argument. As indicated above, the record also contains some evidence that plaintiff farmed from 1980 to 1988. Regardless of that evidentiary conflict, however, the ALJ improperly concluded that farming is plaintiff's past relevant work when he also found (Finding 2) that plaintiff has not engaged in substantial gainful activity since September 1, 1980, R. Vol. II at 15, the same time that plaintiff farmed, if indeed he farmed at all. Among other requirements, past relevant work must be substantial gainful employment. 20 C.F.R. 416.965(a); Jozefowicz v. Heckler, 811 F.2d 1352, 1355 (10th Cir.1987). Contradicting himself, the ALJ stated in the body of the decision that plaintiff's farming was substantial gainful activity. R. Vol. II at 14. Before 1980, the record shows that plaintiff was in residential construction, which the ALJ does not mention at all.
 
 
 8
 Even if plaintiff's past relevant work is farming, however, the ALJ's findings relevant to his determination that plaintiff can return to farming are self-contradicting and inadequately supported. The ALJ correctly found from the Dictionary of Occupational Titles, DOT 421.161-010, that farming is heavy work. The ALJ specifically found (Finding 5), however, that plaintiff is not capable of heavy work. R. Vol. II at 15. Contradicting this explicit finding in the body of his decision, the ALJ also "found" that plaintiff retains the RFC to perform heavy work, id. at 14, though this "finding" is not supported by reference to substantial evidence. To be substantial, the evidence must be "more than a mere scintilla" and must be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir.1993)(quotations omitted). In discussing the plaintiff's RFC, the ALJ relied on sparse, vague, and conclusory notes in plaintiff's treating physician's records that show no more than that plaintiff attempted farming activities a few times over a period of years--and was injured each time. R. Vol. II at 13-14; see also id. at 297-99. These few comments do not constitute substantial evidence to support a finding of RFC.
 
 
 9
 We do not mean to say that the ALJ properly found (Finding 5) that plaintiff retains the RFC to perform medium or less strenuous work. Id. at 15. The ALJ cited no evidence to support this finding. Nor do we state that the ALJ is precluded on remand from properly finding that plaintiff can perform heavy work. The issue of plaintiff's RFC will require development on remand. No RFC assessment appears in the record and, as it stands now, nothing we see in the record would support any finding of RFC at all. The ALJ has a "basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." Thompson, 987 F.2d at 1492 (quotations omitted). "This duty to develop the record pertains even if the claimant is represented by counsel." Id.
 
 
 10
 We do not address plaintiff's arguments made in passing without supporting legal authority. See Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir.1992)(appellate position lacking even minimal legal support is forfeited)(citing Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990)).
 
 
 11
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED for additional proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation