UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 5/22/96**

CARL E. JUSTICE,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security Administration,[*]

      Defendant-Appellee.

No. 95-5246
(D.C. No. 94-C-765-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, JONES,[***] and TACHA, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Carl E. Justice appeals the district court's affirmance of the decision by the Secretary of Health and Human Services denying his application for social security disability benefits. Because the Secretary's decision is supported by substantial evidence and no legal errors were committed, we affirm.

Claimant filed for benefits in February 1993, alleging an inability to work after March 1, 1983, due to problems with his knees, back, and hips. Because claimant's insured status lapsed on December 31, 1987, his eligibility for benefits depends on whether he became disabled before that time. After a hearing, an administrative law judge (ALJ) determined that claimant did not have a severe impairment on or before December 31, 1987. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Claimant argues that the Secretary's finding of no severe impairments is not supported by substantial evidence. He contends that his 60% disability rating from the Veterans Administration in 1985 demonstrates that he suffered from severe impairments prior to December 31, 1987.

A claimant bears the burden of demonstrating the existence of a medically severe impairment or combination of impairments which "significantly limits" "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1520(c), 404.1521(b); Bowen v. Yuckert, 482 U.S. 137, 146 (1987); Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988)(holding "the claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities"). The mere presence of a medical condition is not enough, the condition must also impact claimant's ability to do basic work activities.

Here, claimant's medical records show that he underwent arthroscopic knee surgery in March 1982, and that his next medical contact for either his knee or his back was in July 1985, when he was evaluated by physical therapist Walker for pain. No functional restrictions were noted at that time. R. II at 10. In October 1985, claimant was evaluated for

an increase in his disability rating. X-rays of claimant's back and knees revealed "slight" degenerative changes. Id. at 18. Based on his complaints of pain and restricted ranges of motion, claimant's disability rating was increased to 60%. Thereafter, despite numerous medical contacts with the Veterans Administration, claimant's records do not mention his knee or back conditions again until October 1988, when a diagnosis of degenerative joint disease was noted, and again in 1989, when it was noted that claimant experienced pain after long periods of walking. Id. at 204, 208. It is only after claimant's rating was increased in October 1990 that his medical records begin to show frequent evaluation and treatment of his back, knees, and hips, including physical therapy, prescribed medications, and surgery. The lack of treatment or medical evidence before this date provides substantial evidence to support the Secretary's decision that claimant's conditions were not severe and did not significantly limit his ability to do basic work activities.

The 60% rating by the Veterans Administration does not require a contrary result. Although the Secretary is required to consider another agency's disability determination, see Baca v. Department of Health & Human Servs., 5 F.3d 476, 480 (10th Cir. 1993), the other agency's determination has been made based on different rules, and is not binding on the Secretary. See 20 C.F.R. § 404.1504; Baca, 5 F.3d at 480. Here, the ALJ fully considered the Veterans Administration's rating in making his decision. The Secretary's final determination, therefore, must be upheld.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge