**Kelsie C. MILLER, Plaintiff–Appellant,**

**v.**

orders and judgments; nevertheless, an order

Jo Anne B. BARNHART,* Commission-
er of Social Security Administra-
tion, Defendant–Appellee.

No. 01–2231.

United States Court of Appeals,
Tenth Circuit.

July 22, 2002.

Before KELLY, BRISCOE, and
LUCERO, Circuit Judges.

**ORDER AND JUDGMENT** **

PAUL KELLY, JR., Circuit Judge.

After examining the briefs and appellate
record, this panel has determined unani-

and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

* On November 9, 2001, Jo Anne B. Barnhart
became the Commissioner of Social Security.
In accordance with Rule 43(c)(2) of the Fed-

eral Rules of Appellate Procedure, Ms. Barn-
hart is substituted for Larry G. Massanari as
the appellee in this action.

** This order and judgment is not binding pre-
cedent, except under the doctrines of law of

mously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Kelsie C. Miller appeals from the denial of his claim for social security disability and supplemental security income benefits. We reverse and remand for an immediate award of benefits.

Plaintiff was born in 1951. He finished the tenth grade at school and later earned a Graduate Equivalency Diploma. He was honorably discharged from the Marines after nine months for psychiatric reasons. He has been married and divorced three times. Among his many past jobs, he formerly worked as a laborer, commercial fisherman, hospital messenger, and painter. He was last insured for disability benefits on December 31, 1992.

Plaintiff filed his claim for benefits on January 2, 1991, alleging a disability beginning on September 1, 1989, due to alcoholism and mental impairments. As determined by the agency in the decision currently under review, plaintiff's severe impairments include: "alcohol dependence, reportedly in partial remission; dysthymia; intermittent explosive disorder (provisional); major depression, recurrent, in partial remission; panic disorder with agoraphobia; [and] antisocial features." Aplt's App., Vol. II at 306. Plaintiff does not allege any physical impairments. His claim was denied initially and on reconsideration. After a hearing before an administrative law judge (ALJ), the claim was denied in August 1992. The Appeals Council remanded because the ALJ articulated an insufficient rationale and based his decision on insufficient evidence regarding plaintiff's mental impairment.

*See id.* at 283–84. After a second hearing before the ALJ, plaintiff's claim was again denied in April 1994. This time the Appeals Council affirmed and plaintiff sought review in district court. Based on the magistrate judge's recommendation, the district court remanded for further proceedings because the ALJ failed to adequately develop the record regarding plaintiff's past relevant work; should not have considered whether plaintiff failed to follow prescribed treatment before he made a determination of disability; and needed to decide whether Steven T. Knee, M.D., a psychiatrist, was plaintiff's treating physician and whether all of Dr. Knee's records were in the administrative record. *Id.* at 346–48, 350. After a third hearing before an ALJ, plaintiff's claim was denied in August 1996. The Appeals Council remanded for further proceedings because it determined that plaintiff's only past relevant work was his job as a messenger, that the vocational expert had testified that plaintiff could not perform that job with the limitations the ALJ had accepted as true, and that additional expert testimony regarding the erosion of plaintiff's occupational base was needed. *Id.* at 524–25. The ALJ refused to comply with the Appeals Council's order and, in June 1997, reinstated his prior decision denying benefits without holding a hearing. The Appeals Council remanded the case for a different ALJ to do the additional evidentiary development it had ordered. *Id.* at 589. After a fourth hearing, plaintiff's claim was denied for the fifth time in July 1998. *Id.* at 302–14. At step five, the ALJ decided based on the vocational expert's testimony that plaintiff was not disabled because there were jobs existing in significant numbers that he could perform.

---

the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff did not seek reconsideration by the Appeals Council nor did the Appeals Council take jurisdiction this time, and the ALJ's July 1998 decision became the final agency decision. *See* 20 C.F.R. § 404.984. Plaintiff then filed this suit, and the district court upheld the ALJ's decision to deny benefits.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. Under the express language of § 405(g) and (h), our jurisdiction extends only to the final decision of the agency made after a hearing; in this case, the July 1998 decision. We review that decision on the whole record to determine only whether the factual findings are supported by substantial evidence and the correct legal standards were applied. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir.1995). Section 405(g) and (h) prohibit us from reviewing the agency's prior decisions in a search for reasons to affirm the final agency decision.

Plaintiff argues on appeal that: (1) the ALJ failed to properly consider the opinion of his treating sources: Dr. Steven T. Knee, a psychiatrist; and Richard Normad, M.A., a psychotherapist; (2) the ALJ erred in finding that he retained the residual functional capacity (RFC) to perform four jobs; (3) the ALJ failed to properly consider the decisions of the Veterans Administration and the State of New Mexico that he is disabled; and (4) the district court improperly affirmed the denial of benefits on grounds not raised in the ALJ's final decision. Plaintiff's claims of error have merit.

### *Treating Source Opinions*

In his July 1998 decision, the ALJ improperly disregarded evidence that plaintiff was disabled because of his mental impairments. Plaintiff was seen by several doctors and therapists. In October 1994, Dr. Knee, plaintiff's treating psychiatrist, diagnosed plaintiff with panic disorder, alcohol dependence, and mixed personality disorder with borderline and avoidant features. Aplt's App., Vol. II at 423. Dr. Knee expressed the opinion that plaintiff could probably not work because his "characterological problems tend to interfere with smooth interpersonal functioning," even "[w]hen not drinking and taking medication as directed." *Id.* Mr. Normad, plaintiff's therapist, began working with plaintiff in November 1994. *Id.* at 455. As of March 1995, he had observed no improvement in plaintiff's condition. *Id.* Mr. Normad was of the opinion that plaintiff's ability to work was "questionable because of his anti-social features and his stated inability to get along with other people [or] to take orders from others." *Id.* The ALJ erroneously failed to mention this evidence. The ALJ's recitation of some of the other medical evidence does not cure this defect. *See Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir. 1987); *Jozefowicz v. Heckler*, 811 F.2d 1352, 1358 (10th Cir.1987).

"An ALJ is required to give controlling weight to a treating physician's well-supported [medical] opinion, so long as it is not inconsistent with other substantial evidence in the record." *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir.2001) (citing 20 C.F.R. § 416.927(d)(2)); *see also* (20 C.F.R. § 404.1527(d)(2)). A therapist's opinion is also acceptable as a medical source opinion. *See* 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). The ALJ was not bound by plaintiff's treating sources' opinions on the ultimate issue of disability. *Id.* §§ 404.1527(e)(1), 416.927(e)(1). Nevertheless, even when a treating source's opinion is not entitled to controlling weight, it must be "weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." Soc. Sec. R.

96–2p, 1996 WL 374188, at *4. These regulations provide a list of acceptable reasons to reject a treating source's opinion, such as the nature and length of the treating relationship, the source's medical specialty, et al. *See* 20 C.F.R. §§ 404.1527(d)(1)-(6); 416.927(d)(1)-(6).

> [O]pinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner.

Soc. Sec. R. 96–5p, 1996 WL 374183, at *3.

### Residual Functional Capacity

■ Plaintiff next argues that the ALJ's RFC determination is not supported by substantial evidence and is based on a patently selective reading of the record. Our reading of the decision is that the ALJ made no RFC finding at all. *See* Aplt's App., Vol. II at 305–09. That was error.

When a mental impairment is alleged, the ALJ must assess the claimant's mental RFC. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). That is, the ALJ must assess the mental abilities of "understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting." *Id.* §§ 404.1545(c), 416.945(c). The rulings specify that

> [i]n assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., *8 hours a day, for 5 days a week,* or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Soc. Sec. R 96–8p, 1996 WL 374184, at *7 (emphasis added) (footnote omitted). In addition, a Psychiatric Review Technique (PRT) form must be completed, and the conclusions on it must be supported by competent evidence. *Washington v. Shalala,* 37 F.3d 1437, 1442 (10th Cir.1994); *see also* 20 C.F.R. §§ 404.1520a(e), 416.920a(e).

In this case, the ALJ made no express finding regarding plaintiff's mental RFC, even though the record documents that plaintiff's mental impairments, which the ALJ accepted as true, drastically limit his ability to get along with people, to accept supervision, and to hold a job. The limitations expressed in the hypothetical question set out in the ALJ's decision are too vague and clearly do not fully relate to the various mental impairments accepted by the ALJ as true. *See* Aplt's App., Vol. II at 306, 307. This does not suffice, because the hypothetical questions submitted to the vocational expert must state the claimant's impairments "with precision." *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir.1991) (quotation omitted). When additional limitations—inability to handle stress, propensity for violence, panic attacks—were added to the hypothetical question, the vocational expert eliminated one job after another from plaintiff's occupational base. *See* Aplt's App., Vol. II at 329–40.

### Disability Opinions of Other Agencies

■ Plaintiff was adjudged disabled by both the Veterans Administration and the New Mexico Human Services Department. Aplt's App., Vol. II at 229, 281, 357–59. The ALJ did not address this evidence.

"Although findings by other agencies are not binding on the [Commissioner], they are entitled to weight and must be considered." *Baca v. Dep't of Health & Human. Servs.*, 5 F.3d 476, 480 (10th Cir.1993) (quotation omitted). The ALJ's failure to address the other agencies' findings in this case is reversible error.

### District Court's Improper Reliance on Grounds Not Raised by the Agency

■ The magistrate judge recommended that the denial of plaintiff's claim for benefits be upheld because plaintiff retains control over his alcoholism but refuses to get help, and because he refuses to cooperate with recommended treatment. Aplt's App., Vol. I at 72–75. Plaintiff objected, but the district court adopted the magistrate judge's analysis. This was error. The ALJ's decision should have been evaluated solely on the reasons stated in the decision. *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168–69, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962). The district court did not cure the magistrate judge's error by stating that "the Magistrate Judge's discussion of [these issues], whether necessary or not, does not alter the fact that the ALJ's assessment at step five was indeed supported by substantial evidence." Aplt's App., Vol. I at 99. The court's comment was ambiguous and does not verify that it affirmed the ALJ's decision solely on the reasons the ALJ gave. Plaintiff's alcoholism was not properly before the district court because the ALJ did not make the findings necessary to deny the claim based on alcohol abuse. *See* 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. §§ 404.1535(a), 416.935(a). Plaintiff's alleged failure to follow treatment was also not properly before the court because the ALJ did not make the findings necessary to deny the claim on this basis. *See* Soc. Sec. R. 82–59, 1982 WL 31384, at *1.

Moreover, as we have discussed above, the ALJ's decision was not affirmable on the reasons the ALJ gave.

### Conclusion

This case has endured four hearings and five decisions from an ALJ over ten years. None of the ALJ's decisions has been upheld, and the record supports a finding of disability. We therefore decline to remand the case for additional proceedings. The agency "is not entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion." *Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir.1993) (quotation omitted).

The judgment of the United States District Court for the District of New Mexico is REVERSED and the case is REMANDED with directions to remand to the agency for a determination of benefits.