**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DOLORES GONZALES,

 Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

 Defendant-Appellee.

No. 01-2362
(D.C. No. CIV-99-1295 LH/JHG)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Dolores Gonzales appeals the decision of the administrative law judge (ALJ) denying her Social Security disability benefits. Ms. Gonzales was denied benefits at step five of the disability determination process–the stage at which the Secretary bears the burden of proving that the claimant has the residual functional capacity to perform some work other than past relevant work. *See, e.g., Hargis v. Sullivan*, 945 F.2d 1482, 1486 (10th Cir. 1991). Ms. Gonzales raises four arguments on appeal: she argues that (1) the ALJ failed to take into account all of the psychological evidence; (2) the RFC assessment was not supported by substantial evidence; (3) the ALJ erred in assessing Ms. Gonzales' credibility; and (4) the ALJ failed to take into account Ms. Gonzales' other impairments.

This court reviews the ALJ's decision to determine if it is supported by substantial evidence and whether the correct legal standards were applied. *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). Credibility determinations in particular lie in the domain of the finder of fact, and the ALJ's finding is afforded deference as a result. *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002). An ALJ is nonetheless required to articulate specific reasons for a negative credibility determination. *See id.* (noting

requirement that credibility assessment be closely and affirmatively linked to substantial evidence).

Having reviewed the decision below, the record on appeal, and the parties' arguments, we conclude that the ALJ's decision meets the standards articulated above. Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED. Ms. Gonzales filed a motion requesting a remand for consideration of new evidence. There is nothing in the submitted report that relates back to the relevant time period. *Cf. Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 479 (10th Cir. 1993) (medical records later than relevant time frame may be considered if they relate back to relevant time frame). Therefore, the motion to remand for consideration of new evidence is DENIED.

Entered for the Court

Wade Brorby
Senior Circuit Judge