F I L E D
United States Court of Appeals
Tenth Circuit

APR 2 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

QUAY V. ZEVELY, JR.,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 03-7058
(D.C. No. 02-CV-72-P)
(E.D. Okla.)

ORDER AND JUDGMENT *

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Quay V. Zevely, Jr. appeals the district court's order affirming the Social Security Commissioner's denial of his application for disability insurance benefits under the Social Security Act. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We reverse and remand for further proceedings.

Plaintiff claims that he has been unable to work since 1991 due to limitations caused by post traumatic stress disorder (PTSD),[1] depression, arthritis, hypertension, gout, and headaches. After his application for disability benefits was denied initially and on reconsideration, a de novo hearing was held before an administrative law judge (ALJ). In a decision dated December 8, 1999, the ALJ denied plaintiff's application for disability benefits, concluding: (1) that plaintiff's insured status expired on September 30, 1997; and (2) that plaintiff had failed to demonstrate that he was under a disability on or before that date. In December 2001, the Appeals Council denied plaintiff's request for review of the ALJ's decision. Plaintiff then filed a complaint in the district court. After the magistrate judge recommended that the ALJ's decision denying benefits be affirmed, the district court entered an order affirming the denial of benefits. This appeal followed.

---

[1] It appears to be undisputed that plaintiff's PTSD is related to his military service during the Vietnam war.

On February 12, 2004, we entered an order directing the Commissioner to submit certified copies of the medical evidence from the Oklahoma City Veterans Administration Medical Center covering the period December 7, 1999 through July 21, 2000 to this court within thirty days. We directed the Commissioner to submit these records because, although they were considered by the Appeals Council, they were not contained in the administrative record that the Commissioner submitted to the district court. As a result, we were unable to conduct the required de novo review and determine whether the Appeals Council erred in concluding that the records were "not material to the issue of whether [plaintiff was] disabled at a time when [he] met the insured status requirements." Aplt. App., Vol. II at 4; *see also Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (noting that question of whether evidence submitted to Appeals Council qualifies as "new, material, and chronologically pertinent is a question of law subject to [this court's] *de novo* review," and that "[e]vidence is material to the determination of disability if there is a reasonable possibility that [it] would have changed the outcome") (quotation omitted).

The Commissioner submitted the requested records to this court on March 10, 2004, and they consist primarily of progress notes relating to therapy sessions that plaintiff attended for treatment of his PTSD from December 1999 through July 2000. Because the records do not contain any background information or any

sort of medical history regarding plaintiff's PTSD, we agree with the Appeals Council that the records are not material to the issue of whether plaintiff was disabled during the time when he met the insured status requirements. Consequently, the records do not provide any basis for this court to reverse the decision of the ALJ denying benefits.

In addition to claiming reversible error based upon the records that were omitted from the administrative record, a claim that is now moot, plaintiff has asserted three other alleged errors: (1) that the ALJ breached his duty to develop the administrative record because he failed to obtain and consider evidence associated with the disability rating that plaintiff has received from the Veterans Administration; (2) that the ALJ's finding that plaintiff did not suffer from a severe mental impairment prior to the expiration of his insured status is not supported by substantial evidence in the record; and (3) that the ALJ's finding that plaintiff retained the residual functional capacity to perform medium work despite his documented knee impairment is not supported by substantial evidence in the record.

Based on the record currently before this court, it appears that plaintiff has failed to establish reversible error based on his second and third claims. We decline to address the merits of those claims, however, because we agree with plaintiff that the ALJ breached his duty to develop the administrative record by

failing to obtain and consider evidence associated with any disability ratings that plaintiff has received from the Veterans Administration. *See Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) (addressing Veterans Administration disability rating and holding that "[a]lthough findings by [the Veterans Administration] are not binding on the [Commissioner], they are entitled to weight and must be considered," and remanding with directions "to obtain the records from the VA") (quotation omitted). [2] As a result, we reverse the ALJ's denial of benefits and remand this case to the Commissioner. On remand, the Commissioner shall obtain and address the findings of the Veterans Administration with respect to any disability ratings received by plaintiff and determine the effect, if any, that the findings have on plaintiff's application for

---

[2] We note that plaintiff's prior counsel made no effort during the hearing before the ALJ to develop a record regarding any Veterans Administration disability ratings. Nonetheless, the administrative record before the ALJ contained sufficient information to trigger the ALJ's independent duty to develop a record regarding any such disability ratings. *See Baca*, 5 F.3d at 479-80 (holding that "the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues," and that "[t]his duty exists even when the claimant is represented by counsel"). As plaintiff has pointed out in his opening brief, handwritten notes on plaintiff's "Disability Interview" form stated that he "[g]ets VA - 100% disability - around $2,000 mo!!," Aplt. App., Vol. II at 106, and plaintiff testified at the hearing before the ALJ that his source of income was "VA disability," *id.* at 33. We also note that: (1) in the request for reconsideration that plaintiff submitted regarding the initial denial of his claim for disability benefits, plaintiff stated that he had "been declared 100% disabled since May 1998 by the Veterans Admin," *id.* at 78; and (2) in a vocational report signed by plaintiff on January 21, 1999, plaintiff stated that "[t]he Veterans Administration has already certified that I am 100% disabled," *id.* at 155.

social security disability benefits.  We stress, however, that we are expressing no opinion concerning whether any disability ratings from the Veterans Administration should change the result in this case. [3] *Id.*

The order of the district court is REVERSED, and this case is REMANDED to the district court with instructions to remand the case to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court

Wade Brorby
Senior Circuit Judge

---

[3]     The Commissioner does not appear to dispute that plaintiff received a total disability rating from the Veterans Administration effective November 25, 1997, but she claims that the rating is not relevant to plaintiff's social security application since it did not become effective until after plaintiff's insured status expired.  *See* Aplee. Br. at 18, 26-27.  This is not a valid argument, however, as the current administrative record does not contain sufficient information to determine the relevance of the total disability rating.  Moreover, if the effective date of the rating was in fact November 25, 1997, the rating may be relevant to the issue of whether plaintiff was disabled for social security purposes only two months earlier in September 1997, although we express no opinion concerning that issue.  We also note that plaintiff had apparently received a partial disability rating from the Veterans Administration before his insured status expired, and the partial rating could be potentially relevant to his social security application even if the subsequent total rating is not.