Hafez v. City of Schenectady

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand nineteen.

PRESENT: PIERRE N. LEVAL,
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-----------------------------------------------------------------

MOHAMED A. HAFEZ,

*Plaintiff-Appellant*,

v.                                                              No. 18-1216

CITY OF SCHENECTADY, GARY R. MCCARTHY, DOMENIC VISCARIELLO,

*Defendants-Appellee*s.

-----------------------------------------------------------------

FOR APPELLANT:                          MOHAMED A. HAFEZ, *pro se*,
                                        Schenectady, NY.

FOR APPELLEES: GREGG T. JOHNSON, Johnson & Laws, LLC, Clifton Park, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Mohamed A. Hafez, pro se, appeals from a judgment of the District Court (Suddaby, C.J.), granting the defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Hafez sued the City of Schenectady and some of its officials under 42 U.S.C. § 1983, alleging violations of his First, Fourth, and Fourteenth Amendment rights, as well as state law violations, in connection with the defendants' refusal to issue rental certificates on Hafez's properties. The District Court dismissed the action principally because Hafez's federal claims were barred by res judicata, and it also denied Hafez's request for leave to amend the complaint.[1] We assume the

---

[1] Hafez does not challenge the District Court's decision to decline to exercise supplemental jurisdiction over his state law claims.

parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Substantially for reasons set forth in its decision and order dated March 27, 2018, we conclude that the District Court properly dismissed Hafez's federal claims as barred by the doctrine of res judicata, which "bars re-litigation if (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 55 (2d Cir. 2018) (quotation marks omitted).

As to the first element, the District Court correctly held that Hafez v. City of Schenectady ("Hafez I"), 894 F. Supp. 2d 207 (N.D.N.Y. 2012), aff'd, 524 F. App'x 742 (2d Cir. 2013), was an adjudication on the merits because the court granted summary judgment for the defendants. Id. at 230; see Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710, 713 (2d Cir. 1977). In that case, Hafez brought a § 1983 federal action in 2010 against the City of Schenectady and city officials, alleging that the city's Rental Certificate Ordinance ("RCO") violated his

3

rights under the First, Fourth, and Fourteenth Amendments and under state law. Hafez I, 894 F. Supp. 2d at 209, 213–30.

The second requirement was also met, where the parties in the instant action were either parties to the 2010 action or were in privity with the parties in that action. As most relevant here, because Hafez challenges only the official actions of both mayors, we conclude that both suits are, in substance, suits against the city. See Reynolds v. Giuliani, 506 F.3d 183, 191 (2d Cir. 2007) ("An official capacity suit against a public servant is treated as one against the governmental entity itself."). Thus, the District Court properly determined that this requirement was satisfied.

The Hafez I claims were also sufficiently related to the current claims to satisfy the third requirement. In analyzing this requirement, the District Court properly recognized that Hafez's second action attempts merely to litigate new incidents that arose from enforcement of the same ordinance—including the inspection requirement and the defendants' denial of rental certificates for his properties—previously analyzed in Hafez I, and that Hafez's constitutional

4

challenge to the registration requirements of the RCO could have been brought in his previous action.

We next turn to the District Court's denial of leave to amend based on futility, which we review de novo. Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 490 (2d Cir. 2011). We agree with the District Court that Hafez's proposed amendments do not raise any claims as to the existing defendants that would not also be barred by res judicata. The District Court also properly denied as futile Hafez's request to add Jeffrey Briere and Krystine Smith as defendants on the theory that they retaliated against him for exercising his First Amendment rights by charging him with violating the RCO.[2] The record before us clearly shows that Briere and Smith had legitimate, nonretaliatory reasons for their charges, and Hafez does not claim that these reasons were pretextual. Accordingly, the District Court properly denied leave to amend.

---

[2] For the first time on appeal, with respect to his proposed claims against Briere and Smith, Hafez also argues that the protected activity was his opposition to the current mayor's reelection. Although Hafez alleged before the District Court that his opposition to the current mayor's reelection was the impetus for retaliation by the mayor and Defendant Viscariello, he did not claim that his opposition was also the reason for the alleged retaliation by Briere and Smith. This argument is therefore forfeited.

We have considered all of Hafez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court